IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

        v.

ELIJAHJUAN CANCER,

        Defendant.

_____

Case No. 1:25-CR-100 (AMN)

GOVERNMENT'S SENTENCING MEMORANDUM

      The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum.

# I

## INTRODUCTION

      On April 1, 2025, the defendant was convicted by plea of guilty to a single count Information charging distribution of a controlled substance (methamphetamine), in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). Additionally, the Information contained a forfeiture allegation requiring the defendant to forfeit a money judgment in the amount of $3,000.

      The charge arose following the defendant's repeated engagement in methamphetamine sales in the Capital Region and on several instances, unbeknownst to the defendant, to an undercover agent. The total amount of methamphetamine the defendant is responsible for is approximately 1.1 kilograms of actual methamphetamine.

      The defendant is currently scheduled to be sentenced on July 30, 2025.

II

APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1.  **Statutory Maximum Sentences**

The defendant's conviction for distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) subjects the defendant to a maximum period of life in prison and a mandatory minimum term of imprisonment of ten years. *See* 21 U.S.C. §841(b)(1)(A). in addition to imprisonment, the defendant faces a term of supervised release of at least five years and up to life. *See* 21 U.S.C. §841(b)(1)(A). The defendant is required to pay a special assessment of $100, due and payable at or before sentencing. *See* 18 U.S.C. § 3013.

2.  **Guidelines Provisions**

    a.  **Offense Level**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for 21 U.S.C. § 841(a)(1) and (b)(1)(A) is 34, pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(3).

    b.  **Acceptance of Responsibility**

The government agrees with the Probation Department's determination that the defendant is entitled to credit for acceptance of responsibility. The defendant is entitled to a three-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b).

    c.  **Criminal History Category**

2

According to the presentence report, the defendant's criminal history category is III. The government agrees with the Probation Department's determination of the defendant's criminal history category.

### d. Guidelines Range and Sentence

As described above, the total offense level is 31 and the defendant is within criminal history category is III. As a result of the above-described calculations, the federal sentencing guidelines advise that the defendant receive a sentence of 135 - 168 months imprisonment, a fine of between $30,000 and $10,000,000; a $100 special assessment; and a supervised release term of at least five years.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment consistent with the federal sentencing guidelines. The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2) for the following reasons:

**The Nature, Circumstances, and Seriousness of the Offense.** The defendant acquired large amounts of methamphetamine and made it available to the public for distribution and for his own profit. The defendant gave no thought to the consequences of his actions beyond his desire to make money. Importantly, according to the presentence report, the defendant has displayed similar conduct in the past and despite several significant prison sentences, his criminal conduct has remained undeterred and the only way to keep the community safe is for the defendant to be

imprisoned. *PSIR.* ¶ 31-39. Even after his release from previous prison sentences, the defendant failed to take advantage of treatment programs and chose to use narcotics and reengage in criminal activity. *PSIR.* ¶ 52.

**Respect for the Law, Just Punishment, and Deterrence**.  A term of imprisonment will promote respect for the law, provide just punishment, and further both specific deterrence to the defendant and general deterrence to others.

Crystal methamphetamine serves as a major lynchpin for addiction - causing fractures in family, employment, and death. The Court need not look far in the damage drug distribution causes to local communities.  The recommended sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and deters future criminal conduct.[1]

Respectfully submitted this 9th day of July 2025,

JOHN A. SARCONE III
United States Attorney

By:    */s/ Jeffrey C. Stitt*
Jeffrey C. Stitt, Jr.
Assistant United States Attorney
Bar Roll No. 520195

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum.  Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.  *See* Fed. R. Crim. P. 32(i)(1)(c), 32(h).  Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

## CERTIFICATE OF SERVICE

    I hereby certify on July 9, 2025, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

                                                      */s/ Jeffrey C. Stitt, Jr.*