UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Case No.:1:25-CR-100 (AMN) |
| | ) | Honorable Anne M. Nardacci |
| ELIJAHJUAN CANCER | ) | U.S. District Court Judge |
| Defendant. | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE OR VARIANCE

### Introduction

Elijahjuan Cancer stands before This Court for sentencing subsequent to his guilty plea to distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). That violation involved 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A). Mr. Cancer was initially charged via felony complaint and made his first appearance before Magistrate Judge Daniel Stewart on May 1, 2024. A detention hearing was scheduled for May 6, 2024. Mr. Cancer was remanded following that hearing and has remained in custody since that date. Mr. Cancer waived indictment and pleaded guilty to a one-count information on April 1, 2025.

### The Factors to Be Considered in Imposing Sentence

Congress has set forth specific factors the Court should consider before imposing a sentence. Title 18 U.S.C. § 3553 (a) directs the court to impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:

(A) to reflect the seriousness of the offense, to promote respect for the law,

   and to provide just punishment for the offense;

 (B) to afford adequate deterrence to criminal conduct;

 (C) to protect the public from further crimes of the defendant; and

 (D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most efficient manner. *See*, 18 U.S.C. § 3553 (a) (2).

In fashioning such a "sufficient, but not greater than necessary sentence", the court must consider the nature and circumstances of the offense; the history and characteristics of the offender; the kinds of sentences available; and the sentencing range established by the guidelines. *See*, 18 U.S.C. § 3553 (a) (1), (3), (4).

## The Nature and Circumstances of the Offense

Mr. Cancer and others worked together between December 2023 and May 1, 2024, to sell 1.1 kilograms of methamphetamine to undercover law enforcement officers a series of controlled purchases, in the Northern District of New York.

## The History and Characteristics of the Offender

Elijahjuan Cancer was born on March 6, 1991, in Albany, New York to Maria Cancer and Terry Inman. Mr. Cancer grew up in poverty, and he resided for part of his childhood in a shelter in Guilderland. He has resided in the Capital Region for the majority of his life. Mr. Cancer holds a high school degree, obtained in 2010 from Shaker High School, where he played football. He also resided in Buffalo, New York while attending Erie Community College. Although Mr. Cancer attended college and earned fifty credits, he did not graduate, citing that he was having difficulty balancing school and parenting responsibilities. He had no disciplinary action while

in school.

Mr. Cancer has one child, ▮▮▮▮▮▮▮▮, who is fourteen years old. Elijahjuan co-parent's ▮ with his mother, Carol Price. The two have been able to agree on custody arraignments without court. Mr. Cancer has a strong relationship with ▮ and saw him on a daily basis prior to his incarceration. Mr. Cancer plans to maintain a good relationship with his son despite his likely lengthy incoming sentence. Mr. Cancer maintains a good relationship with his mother as well, stating that he is in contact with her multiple times per week.

Mr. Cancer has had tremendous hurdles in his life that have not made his path easy. Both of Mr. Cancer's parents experienced incarceration. Elijahjuan was forced to relocate to Florida to live with an aunt at the age of four years old due to his mother's incarceration. At an age when critical psychological and social development takes place Elijahjuan was already exposed to the criminal justice system through his parents' examples. His father's incarceration negatively impacted him as well – clearly a positive role model was simply not available to Elijahjuan during his most formative years. Mr. Cancer's father is currently incarcerated on criminal possession of a controlled substance charge and sentenced to eleven years imprisonment. Mr. Inman has been incarcerated since 2017 and has been in and out of jail for most of Elijahjuan's life. Mr. Inman has also been diagnosed with stage four lung cancer while incarcerated.

Notably, Elijahjuan has twenty-three paternal half siblings and four maternal half siblings. With such an enormous family, and parents who were both in and out

of prison while he was growing up, clearly resources were non-existent for Elijahjuan. With twenty-seven people to support, it would be a challenge for any parent to provide adequate support to their children. This does not excuse his criminal conduct, but acknowledging the abject poverty he was subject to, really throughout his life provides a clear vantage point to appreciate why his judgment has lapsed in such a serious way as to bring him before this court, forced to stare down a minimum sentence of 120 months.

Mr. Cancer mentioned being close with his siblings Shafique Grady, Nahla Grady, Neshad Grady, and Tahkeem Inman. Mr. Cancer's brother Neshad is also currently incarcerated for murder charges, and his brother Tahkeem has previously served a sentence for a firearm-related conviction and has been discharged from parole supervision as of 2023. Mr. Cancer has been surrounded by family members who have been involved with the criminal justice system in various capacities from a very young age and throughout his life. It is no coincidence that the siblings Mr. Cancer is closest with have also been incarcerated or are currently. The degree of disadvantage they faced as a family creates something the siblings are able to relate to one another with. It is obvious that Elijahjuan does not have the support network necessary to make life easy or consistent with what many people would call "normal".

Although Mr. Cancer is now an adult, his life circumstances and the examples set for him in his youth cannot be overlooked. Mr. Cancer described himself as an "angry child" in his presenting interview, and considering his childhood circumstances, it is easy to see why Mr. Cancer has attended an anger management

program to address his anger issues. Having to forge his own way from approximately age four certainly must have contributed to Elijahjuan's anger issues, and he has demonstrated a willingness to seek rehabilitation and improve his life with programs designed to address his issues. This bodes well for his success during the now unavoidable and lengthy sentence he faces, of at least 120 months in prison.

Mr. Cancer has a history of substance use, sometimes using excessively. Beginning at age fourteen, Mr. Cancer started to use alcohol and marijuana multiple times a week. Mr. Cancer used alcohol and marijuana in this way up until a few days before his arrest. He also mentioned using ecstasy pills in college as well as Percocet, which he was initially prescribed but later would purchase on the street illegally. Mr. Cancer has used substances to cope with his depression as well as grief related to the recent passing of a family member. He specifically mentioned overuse of substances when he was experiencing a difficult time. This should be no surprise, given his life history. Mr. Cancer has engaged in several different treatment programs while under parole supervision. Mr. Cancer's awareness of his reliance on drugs and alcohol to get through tough times and "solve problems" combined with his several attempts to get treatment and support his mental health are positive factors that make clear an outlier sentence is not appropriate or necessary under the 18 USC 3553(a) factors. Despite Mr. Cancer's personal challenges encountered throughout his life, he will be able to reflect on his actions and cope with his circumstances, even though he has expressed feeling both devastated and embarrassed. Although Mr. Cancer has exhibited violent behavior in the past, he has addressed and continues to address his

mental health, specifically his anger issues so that he may be able to continue as a nonviolent and valuable contributor in our community when he is released.

## The Guideline Calculation

*Offense Level*

The defense adopts Probation's calculation. Mr. Cancer's base offense level is thirty-four for Count one (Distribution) pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(3). Mr. Cancer is accountable for between 500 grams and 1.5 kilograms of actual methamphetamine.

Mr. Cancer has accepted his responsibility regarding these allegations. Acceptance of responsibility credit results in a total of two-levels reduction of his offense level per U.S.S.G. § 3E1.1(a). Also, a one-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. § 3E1.1(b) should be applied. The combined downward adjustments bring Mr. Cancer's total offense level to thirty-one.

*Criminal History Score*

The defense adopts Probation's calculations that based on his historical actions, Mr. Cancer scores six criminal history points. Therefore, according to the sentencing table in USSG Chapter 5, part A, Mr. Cancer falls into Criminal History Category III.

*Guideline Calculation*

With Criminal History Category III Mr. Cancer's guideline sentence would be 135-168 months. 21 USC §§ 846 and 841(b)(1)(A) carries a mandatory minimum

sentence of 120 months.

## Sufficient but Not Greater than Necessary Sentence

A sentence of 120 months is sufficient and not greater than necessary here. Elijahjuan has expressed regret for his actions. He understands the gravity and seriousness of his offenses. He realizes the danger that methamphetamine creates in the community, and he regrets that through his actions he exacerbated that threat.

The defense asks the court to consider the following from the Judiciary Sentencing Information database. During the last five fiscal years, there have been 416 defendants whose primary guideline was §2D1.1 and Methamphetamine (actual)/"Ice" was the primary drug type. These defendants also had a final offense level of thirty-one as well as a Criminal History Category of III (after excluding defendants who received a §5K1.1 substantial assistance departure). For 99% of the defendants who received a sentence of imprisonment, the average length of imprisonment was 113 months, the median length of imprisonment being 120 months. This same set of data calculates that there is a 45% downward departure from the guidelines in these types of sentences.

In reviewing the 18 USC § 3553(a) factors, the significant mandatory minimum of 120 months meets each of the statutory factors. It sufficiently reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. Ten years is more than adequate deterrence. Mr. Cancer will right himself during his period of incarceration and not present further risk of criminal

conduct years from now, a 120-month sentence certainly is sufficient to protect the public from future crimes. Age of course, is a major factor in recidivism, and Mr. Cancer's current age plus the length of time he must serve even with a mandatory minimum sentence means he will be well into his forties when he is released. A much longer sentence is unnecessary to deter future criminal conduct. Section §5H1.1 of the United States Sentencing Guideline Manual states that "The age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to decrease with age." United States Sentencing Commission Guidelines Manual 2024, §5H1.1 (2024). Mr. Cancer is currently thirty-four years old, and the guideline manual suggests that age may be a significant factor for departure from the guidelines. Finally, the lengthy mandatory minimum is more than enough time for Mr. Cancer to receive the vocational training and treatment contemplated by the law.

## Conclusion

Despite his tremendously difficult upbringing as detailed above, Mr. Cancer has shown an ability to be a contributing member of our society – attending community college and getting treatment for an anger problem on his own initiative are both examples of his ability to be successful and make clear he does not need to face an unusually high penalty for his instant conduct. Elijahjuan Cancer makes no excuses for his behavior and has accepted responsibility for his actions. He has committed to improving his circumstances and expressed that he is willing to cooperate with any treatment plans. Mr. Cancer would like to continue to have a

strong relationship with his son ▮ and although he is facing a long sentence, he would like to be there for his son as best he can. The Court can give Mr. Cancer the opportunity to break the cycle of incarceration that exists in his family. Based on the nature and circumstances of the offense, his criminal history, his personal history and characteristics I ask the court to sentence Elijahjuan to 120-months plus five-years of supervised release.

Dated: July 9, 2025

                                                        LISA PEEBLES
                                                        Federal Public Defender

By: _____
                                                        Eric K. Schillinger
                                                        *Attorney for Elijahjuan Cancer*
                                                        Bar No.: 516083
                                                        Federal Public Defender Office
                                                        54 State Street, Suite 310
                                                        Albany, New York 12207
                                                        (518) 436-1850
                                                        eric_schillinger@fd.org

## CERTIFICATE OF SERVICE

On the above date the sentence memorandum was filed with the court, and delivered via ECF to the following parties: AUSA Jeffrey Stitt, Esq.

Dated: July 9, 2025

_____
Eric K. Schillinger
*Attorney for Elijahjuan Cancer*
Bar No.: 516083
Federal Public Defender Office
54 State Street, Suite 310
Albany, New York 12207
(518) 436-1850
eric_schillinger@fd.org